UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FIRST AVIATION SERVICES, INC.,** | Civ. No. 13-2442 (KM)(MAH) |
| Plaintiff, | |
| v. | **OPINION** |
| **NETJETS, INC.** | |
| Defendant. | |

**MCNULTY, U.S.D.J.:**

  Plaintiff First Aviation Services, Inc. alleges that Defendant NetJets, Inc. has breached a contract in which Defendant promised to utilize only Plaintiff's refueling, storage, and service facilities at Teterboro Airport, except in two specific circumstances set forth in the pertinent exclusivity provision. Plaintiff's amended complaint seeks damages for breach of contract and a declaratory judgment regarding the parties' rights and obligations under the contract at issue. Defendant has moved for the partial dismissal of the amended complaint and for the striking of certain allegations it claims are immaterial, pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f). Defendant contends that the amended complaint sets forth two theories of potential liability, one of which is inadequately pled. Because each count of this simple two-count complaint adequately sets forth a claim for relief, Defendant's motion is **DENIED**.

**Factual Allegations**

  According to the amended complaint, Plaintiff is a Houston-based New Jersey corporation with a fixed base operation ("FBO") at Teterboro Airport in New Jersey. Plaintiff provides fuel, hangar storage, parking, towing, repair, overhaul, and maintenance services for aircraft at Teterboro Airport. (Amended Complaint ("AC") ¶ 3). Defendant is an Ohio-based Delaware Corporation that owns, operates, and manages private jets for charter use and fractional sales. (*Id.* at ¶ 4).

  Plaintiff and Defendant entered into an agreement (referred to as the "TEB Agreement"). The TEB Agreement contains exclusivity provisions, pursuant to which Defendant agreed that it "shall not utilize the hangars and ramp space of, or purchase products (include, without limitation, fuel) or services from any other FBO at the Airport except solely (i) if a customer, without prompting, requires [Defendant] to use another FBO or (ii) in any instance in which [Plaintiff] is unable to provide such hangar and ramp space, products

(including, without limitation, fuel) or services." (*Id.* at ¶ 11). The TEB Agreement commenced in May 2008; it has a term of ten years, unless Plaintiff's prime agreement with the airport is terminated sooner. (*Id.* at ¶ 10).

The amended complaint alleges a breach of the exclusivity provisions of the TEB agreement. (*Id.* at 25). Plaintiff alleges that Defendant "has purchased fuel and other services contracted for under the TEB Agreement from other FBOs because of the unavailability of United States Customs services at [Plaintiff]'s facilities. Since [Plaintiff] has always been able to provide the fuel and other services contracted for under the TEB Agreement this conduct by [Defendant] is in breach of the TEB Agreement." (*Id.* at ¶ 15). Plaintiff also alleges that Defendant is simply using "cheaper FBOs despite the exclusive use provision in the TEB Agreement requiring [Defendant] to use [Plaintiff] unless one of the two limited exceptions in Section 7 has been met." (*Id.* at ¶ 16). Plaintiff makes various allegations about the amount of fuel that Defendant has purchased from other FBOs at Teterboro. (*Id.* at ¶¶ 17-18). The amended complaint alleges that Plaintiff was ready and able to perform: it "has never been unable to provide to [Defendant] hangar and ramp space, products, fuel, or any other services provided for in the TEB Agreement." Further, "U.S. Customs and Border Protection services are not services contracted for under the TEB Agreement.... That it may be more convenient at times for [Defendant] to purchase fuel and other services contracted for under the TEB Agreement at FBOs adjacent to or containing Customs offices is not relevant." (*Id.* at ¶ 20). In other words, easy access to Customs is not one of the bargained-for exceptions to the exclusivity arrangement, says Plaintiff. (*See id.* at ¶¶ 20-21).

Paragraphs 12 and 19 of the amended complaint, which are not set forth as a separate cause of action, allege that Defendant never notified Plaintiff that any customer asked to use another FBO. "At no time during the relevant period has [Plaintiff] received word from [Defendant] that customers have required [Defendant] to use fuel or services from other FBOs without [Defendant]'s prompting." (*Id.* at ¶ 12; *see also id.* at ¶ 19).

**Analysis**

Defendant seeks partial dismissal of Plaintiff's amended complaint, and further requests that the Court strike paragraphs 12 and 19 of the amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f). [ECF No. 20]. The complaint concededly sets forth a valid cause of action for breach of contract (and for a declaratory judgment to the same effect). Defendant contends, however, that a second, invalid theory is implicit in paragraphs 12 and 19, and that this second theory should be dismissed. That second, dismissable theory, according to Defendant, is that Defendant's failure to notify Plaintiff when its customers requested use of an FBO other than Plaintiff's constituted an independent breach of contract.

*1. The Amended Complaint Adequately Pleads Breach of Contract*

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). On such a motion, the well-pleaded factual allegations of the complaint must be taken as true, with all reasonable inferences drawn in plaintiff's favor. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A plaintiff must "provide the 'grounds' of [his] 'entitlement to relief,'" which "requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, demonstrating that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). This entails "plead[ing] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The standard is one of facial *plausibility*, as opposed to probability, or mere possibility. *Iqbal*, 556 U.S. at 678. Thus this Court must determine whether the allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Id.* at 679.

I find that Count 1, the breach of contract cause of action, which states that "[Defendant] has materially breached the TEB Agreement by violating the exclusivity provisions of the TEB Agreement," is adequately supported. The amended complaint plausibly alleges that Defendant used FBOs other than those of the Plaintiff, because they allegedly offered better access to Customs facilities, in violation of the exclusivity clause of the Agreement. (*See* AC ¶¶ 15-16, 20-21). These allegations raise Plaintiff's claimed right to relief "above a speculative level." *See Twombly*, 440 U.S. at 555. Defendant acknowledges as much; its motion to dismiss is partial, and it does not challenge this primary breach of contract claim. (*See* Br. Supp. Mot. at 1). Count 2, which seeks a declaratory judgment, is to the same effect.

Plaintiff's motion is aimed at paragraphs 12 and 19, factual allegations that Defendant failed to notify Plaintiff that customers had asked to use other FBOs. But the complaint's valid claims of breach are not rendered invalid merely because some of the subsidiary allegations do not necessarily, in themselves, establish an independent breach.

Indeed, the amended complaint does not, in so many words, allege that Defendant's failure to inform it of such customer requests constitutes a separate breach of contract. (*See* AC ¶¶ 12, 19, 25). Clarification may come in discovery, on motions for summary judgment, or in the pretrial order. But even if a second theory were intended, it would not detract from the concededly valid first theory or require dismissal under Rule 12(b)(6). The motion to dismiss is therefore denied.

### *2. There is No Basis to Strike Paragraphs 12 and 19*

I turn to Defendant's motion to strike paragraphs 12 and 19 of the amended complaint. It will be denied.

A district court "may strike from a pleading…any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of a motion to strike is to simplify the pleadings and save time and expense by excising from a plaintiff's complaint 'any redundant, immaterial, impertinent, or scandalous matter' which will not have any possible bearing on the outcome of the litigation." *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002). Given "the drastic nature of the remedy, however, motions to strike are usually 'viewed with disfavor' and will generally 'be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.'" *Id.* (quoting reference omitted). If I may be so bold, motions to strike are commonly a waste of everyone's time.

Paragraphs 12 and 19, read on their own or in the context of the whole pleading, contain nothing that would complicate, confuse, or delay this proceeding. Even on the assumption that the complaint properly alleges one and only one theory of breach, these paragraphs allege relevant facts. Certainly they are not so irrelevant as to have no place in the case.

To establish its primary theory of breach, Plaintiff will ultimately need to show that Defendant's use of other FBO facilities was not occasioned by any unprompted request by a customer. That Plaintiff was never informed of any such request may or may not constitute a separate breach of the Agreement. But it is at least probative of whether any such request occurred. (Consider what Defendant's motion to dismiss would have looked like if the complaint had admitted that Plaintiff *had* been informed of such requests.) I therefore cannot say that Paragraphs 12 and 19 are irrelevant, or that they must be struck to streamline this litigation.

**Conclusion**

For the reasons stated above, Defendant's motion to partially dismiss the amended complaint and to strike paragraphs 12 and 19 is **DENIED**. An appropriate order follows.

_____
HON. KEVIN MCNULTY
United States District Judge

Date: July 8, 2014
Newark, New Jersey